# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CAROLYN GRIFFIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | ) No. 4:11CV951 NCC |
| | ) |
| ANGELA PEARL, | ) |
| | ) |
| Respondent, | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 12). After reviewing the case, the court has determined that Petitioner is not entitled to relief. As a result, the petition will be dismissed.

## I.
## BACKGROUND

Petitioner was charged with murder in the first degree, Mo. Rev. Stat. § 656.020, in that, on November 29, 2007, after deliberation, she knowingly caused the death of Kemeko Black, by shooting her, and with armed criminal action related to the murder, Mo. Rev. Stat. § 571.015. (Resp. Ex. 1 at 7-11). Pursuant to a plea agreement, Petitioner was charged, by substitute information in lieu of indictment, with second degree murder, Mo. Rev. Stat. § 656.021, and armed criminal action related to the murder, Mo. Rev. Stat. § 571.015. Petitioner plead guilty to these charges. (Resp. Ex. 1 at 113-23).

At Petitioner's plea hearing the prosecutor stated that if the matter had gone to trial the State would prove beyond a reasonable doubt as follows: On November 29, 2007, in the City of

1

St. Louis, Petitioner knowingly caused Kemeko Black's death by shooting her in the head, and she used a weapon to commit the murder, thus committing armed criminal action. Specifically, Detective Heather Slater would testify that Petitioner admitted to her that, on November 29, 2007, after an argument, Petitioner went to her bedroom, retrieved a .38 caliber pistol, and walked up behind Ms. Black and shot her twice in the head, causing her death. Medical personnel would testify that Ms. Black's death was, in fact, caused by the shots to the head. (Resp. Ex. 1 at 19).

In response to the court's asking her if she heard what the prosecutor had said and if that was what she was admitting as the basis for her guilty plea, Petitioner answered both questions in the affirmative. (Resp. Ex. 1 at 19).

Pursuant to the plea agreement, the court sentenced Petitioner to concurrent terms of life in prison on each count. (Resp. Ex. 1 at 24-17). Petitioner sought post-conviction relief under Missouri Rule 24.035. Counsel was appointed and filed an amended Rule 24.035 motion. (Resp. Ex. 1 at 37-59). The motion court denied Petitioner post-conviction relief. (Resp. Ex. 1 at 60-64). Petitioner then appealed the motion court's decision to the Missouri appellate court, which affirmed the judgment against her, on January 11, 2011. (Resp. Ex. 2; Resp. Ex. 4).

On May 24, 2011, Petitioner filed her § 2254 Petitioner, in which she makes the following claims:

**(1)** Petitioner was denied effective assistance of counsel;

**(2)** The trial court's imposing sentences for both second degree murder and armed criminal action violated the rule against double jeopardy; and

**(3)** The sentence imposed by the trial court was illegal because it was in excess of the maximum sentence.

(Doc. 1).

## II.
## PROCEDURAL DEFAULT and TIMLINESS STANDARD

To avoid defaulting on a claim, a petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim. Wemark v. Iowa, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (quotation marks omitted). A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition. Id. at 1021. Claims that have not been fairly presented to the state courts are procedurally defaulted. Id. at 1022 (quoting Gray v. Netherland, 518 U.S. 152, 161-62 (1996)). Claims that have been procedurally defaulted may not give rise to federal habeas relief unless the petitioner can demonstrate cause and prejudice for the default. Id. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986).

Additionally, § 2244(d)(1) establishes a 1-year limitation period on petitions filed pursuant to § 2254.

The only issue which Petitioner raised in her appeal of the motion court's decision was that counsel was ineffective for failing to advise her that the range of punishment for second degree murder included the maximum punishment of life in prison. (Resp. Ex. 2). As such, she has procedurally defaulted Ground 1, to the extent she intends to raise other claims of ineffective assistance of counsel in that claim, and Grounds 2 and 3 in their entirety. Petitioner has not suggested a basis upon which this court should consider whether her procedural default should be excused. As such, the court finds that Ground 1, to the extent Petitioner intends to allege

ineffective-assistance for reasons other than that counsel failed to inform her of the maximum range of punishment, and Grounds 2[1] and 3[2] are procedurally defaulted, and that, therefore, habeas relief on their basis should be denied.

## III.
## MERITS STANDARD

"In the habeas setting, a federal court is bound by the AEDPA[3] to exercise only limited and deferential review of underlying state court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

---

[1] Although Petitioner claims a violation of the right against double jeopardy for her to be sentenced for both second degree murder and armed criminal action related to the murder, the Supreme Court has rejected such a claim. See Missouri v. Hunter, 459 U.S. 359, 368 (1983) (defendant's being sentenced for both robbery in first degree and armed criminal action related to the robbery did not violate double jeopardy, given Missouri legislature's intent that punishment for violations of statutes proscribing first-degree robbery and armed criminal action be cumulative).

[2] Petitioner claims her sentence was illegal because it was in excess of the maximum sentence authorized for her crimes. She argues that the trial court did not make a sufficient record of her prior convictions and that it enhanced her sentence based on her prior convictions. However, the judgment of Petitioner's conviction demonstrates that her sentence was not enhanced based on prior convictions; in the section for "enhancements," the sentencing court checked the "not applicable" box. (Resp. Ex. 1 at 25). Notably, Petitioner was not charged as a prior offender. (Resp. Ex. 1 at 10-11). Also, second degree murder is a Class A felony under Missouri law, and Class A felonies are punishable by "a term of not less than ten years and not to exceed thirty years, or *life imprisonment*." See Mo. Rev. Stat. §§ 565.021, 558.011.1(1) (emphasis added). Armed criminal action may be punished by *any term of imprisonment not less than three years*. See Mo. Rev. Stat. § 571.015. Thus, Petitioner's sentence of concurrent life sentences did not exceed the sentences authorized by Missouri law.

[3] The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254.

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. §2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004).

## IV.
## INEFFECTIVE ASSISTANE OF COUNSEL STANDARD

Federal law provides that to prove ineffective assistance of counsel, a habeas petitioner must show that: "(1) his counsel so grievously erred as to not function as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced his defense." Auman v. United States, 67 F.3d 157, 162 (8th Cir. 1995) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). The "performance" prong of Strickland requires a showing that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, a petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

5

Even if a petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 697. To do so, a petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 669. The court is not required to "address both components of the [effective assistance of counsel] inquiry if [a petitioner] makes an insufficient showing on one [component]." Id. at 697.

Additionally, the court notes that the Court stated in Strickland, 466 U.S. at 688-89, that:

> In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances. Prevailing norms of practice as reflected in the American Bar Association standards and the like, e.g., ABA Standards for Criminal Justice 4-1.1 to 4-8.6 (2d ed. 1980) ("The Defense Function"), are guides to determining what is reasonable, but they are only guides. No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant. Any such set of rules would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions. (citation omitted). . . . .
>
> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. (citation omitted). A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." (citation omitted). There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way. (citation omitted).

The Supreme Court has emphasized that the standard to be applied by a federal court when reviewing a Strickland claim of a state prisoner pursuant to § 2254 is "doubly deferential

judicial review." Knowles v. Mirzayance, 129 S.Ct. 1411, 1420 (2009). The Court further explained that "because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." Id. (citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

## V.
## DISCUSSION

The only issue not procedurally defaulted is Petitioner's claim (giving her the benefit of the doubt that she intended to raise such a claim) that she received ineffective assistance of counsel because counsel failed to advise her that the range of punishment for second degree murder included the maximum punishment of life imprisonment. On appeal, Petitioner argued that, when she plead guilty, she believed she would only receive a thirty-year sentence. She further argued that she would not have plead guilty if she realized she would be sentenced to life imprisonment.

Upon addressing Petitioner's claim, the Missouri appellate court specifically cited Strickland, noting that to establish ineffective assistance of counsel Petitioner was required to establish both that counsel's performance was unreasonable and resulting prejudice. The Missouri appellate court further considered, again specifically citing federal law, that in the guilty plea context, to establish ineffective assistance of counsel, a claimant must show that she would not have plead guilty but for counsel's unreasonable performance. (Resp. Ex. 4 at 3) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985) (when claiming ineffective-assistance, habeas petitioner who has plead guilty must establish that he "would not have [plead] guilty and would have insisted on going to trial," absent his attorney's misrepresentations about the sentence he would receive if he plead guilty).

7

The Missouri appellate court then considered testimony at Petitioner's sentencing hearing. Specifically, the appellate court considered that the prosecutor stated that the State was recommending life imprisonment on each count of the information in lieu of the indictment. When the court asked Petitioner if she understood what the prosecutor had said – that the State's recommendation was "two concurrent life sentences" – Petitioner responded that she understood. Also, in response to the court's questioning, Petitioner acknowledged that her lawyer had explained the sentences to her; that the plea agreement was that she would "receive two life sentences"; and that she understood there would "be no probation." Further, in response to the court's questioning her, Petitioner testified that nobody, including her lawyer, had promised her anything other than what was stated in the courtroom; nobody promised her she was going to get probation; and nobody "led her to believe anything other than what the [prosecutor] ha[d] just said." Finally, the Missouri appellate court considered that Petitioner testified, at the plea hearing, that she was satisfied with her counsel and again testified that, "other than the plea bargain agreement, her counsel did not promise her anything else at all." (Resp. Ex. 4 at 4-5). The court notes that the trial court also asked Petitioner if anybody had promised her she would "be released at a certain time," such as that by "Christmas of 2015 [she would] be back home," and Petitioner responded that nobody had made such a statement to her. (Resp. Ex. 1 at 19-20). The Missouri appellate court concluded that Petitioner's testimony demonstrated that she understood that she would receive a sentence of life imprisonment. (Resp. Ex. 4 at 5).

This court finds that the decision of the Missouri appellate court in regard to Petitioner's claim that counsel did not inform her that the crime of second degree murder carries a maximum penalty of life imprisonment is not contrary to clearly established federal law, as determined by the Supreme Court, or an unreasonable application of federal law, because the Missouri appellate

8

court properly applied the governing legal rules from <u>Strickland</u>, 466 U.S. at 687, and <u>Hill</u>, 474 U.S. at 59. Additionally, the Missouri appellate court did not render a decision "based on an unreasonable determination of the facts," given that the transcript of Petitioner's guilty plea hearing belies her claim that her lawyer did not tell her that the maximum penalty for murder in the second degree is life imprisonment. See 28 U.S.C. § 2254(d); <u>Tran v. Lockhart</u>, 849 F.2d 1064, 1068 (8th Cir. 1988) (denying habeas relief where record before court showed petitioner's allegations where "either wholly incredible or merely bare contradictions of statements he made when he pled guilty"). Moreover, even if Petitioner's lawyer did not inform her of the maximum penalty, the plea transcript makes it clear that she understood that the prosecutor was recommending concurrent life sentences; thus, she cannot establish that she suffered <u>Strickland</u> prejudice as a result of counsel's alleged failure. The court finds, therefore, that Petitioner's claim that she received ineffective assistance of counsel because counsel did not tell her that the maximum penalty for murder in the second degree was life in prison is without merit, and that habeas relief on this basis will be denied.

## VI.
## CONCLUSION

For the reasons stated above, the court finds that Petitioner is not entitled to federal habeas relief. Furthermore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." <u>Khaimov v. Crist</u>, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not grant a certificate of appealability, and will not grant her in forma pauperis on appeal. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the § 2254 Petition filed by Petitioner Carolyn Griffin is **DENIED**, with prejudice (Doc. 1).

**IT IS FURTHER ORDERED** that a separate judgment be entered incorporating this Memorandum and Order.

**IT IS FINALLY ORDERED** that a certificate of appealability and in forma pauperis on appeal will not be issued.


Dated this 2nd day of September, 2014.

     /s/Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE